IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD KAPELA DAVIS, #A0113690, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF HAWAII, LINDA )<br>LINGLE, THE HAWAII )<br>DEPARTMENT OF PUBLIC )<br>SAFETY, CLAYTON FRANK, )<br>TOMMY JOHNSON, SHARI )<br>KIMOTO, KAIANA HAILI, )<br>EDWIN SHIMODA, STATE OF )<br>ARIZONA, JANET NAPOLITANO, )<br>THE ARIZONA DEPARTMENT )<br>OF CORRECTIONS, DORA P. )<br>SCHRIRO, CORRECTIONS )<br>CORPORATIONS OF AMERICA, )<br>SAGUARO CORRECTIONAL )<br>CENTER, TODD THOMAS, BEN )<br>GRIEGO, J. VALENZUELA, )<br>JASON JOHNSON, JOHN DOES 1- )<br>10, JANE DOES 1-10, DOE )<br>CORPORATIONS 3-20, )<br>)<br>Defendants. )<br>_____ ) | CIV. NO. 08-00434 JMS-BMK<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE |

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Pro se Plaintiff Richard Kapela Davis, a Hawaii prisoner incarcerated at Saguaro Correctional Facility ("SCF") in Eloy, Arizona, filed a civil rights

complaint on October 2, 2008. Plaintiff names as Defendants numerous individuals and agencies located in Hawaii and Arizona, including the Hawaii and Arizona governors, the Hawaii Department of Public Safety ("DPS"), the Arizona Department of Corrections ("ADC"), the DPS and ADC Directors, the Corrections Corporation of America ("CCA"), DPS employees, and SCF employees (collectively, "Defendants"). Plaintiff alleges that Defendants violated his right to the free exercise of religion, due process, and equal protection as guaranteed by the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA").[1]

Defendants State of Hawaii, Linda Lingle, Hawaii Department of Public Safety, Clayton Frank, Tommy Johnson, Shari Kimoto, Kaiana Haili, Edwin Shimoda, Corrections Corporation of America, Saguaro Correctional Center, Todd Thomas, Ben Griego, and J. Valenzuela move to transfer venue of this action to the U.S. District Court for the District of Arizona. Because venue in Hawaii is improper and transfer of this action is in the interests of justice pursuant to 28 U.S.C. § 1406(a), the Motion is GRANTED.[2]

---

[1] Plaintiff was a party to an earlier suit, that raised similar claims against the State of Hawaii, DPS, CCA and others, that was settled in 2004. *See Bush v. Hawaii*, Civ. No. 04-00096 DAE.

[2] Although given time to file an Opposition, Plaintiff has not done so. After reading
(continued...)

# I. BACKGROUND

Plaintiff complains that SCF and CCA personnel prevented him from practicing his Native Hawaiian religion when they failed to hold a Makahiki closing ceremony feast on February 23, 2008, failed to distribute food for that ceremony, some of which Plaintiff had personally purchased, and later distributed the food to other inmates who were not associated with the Makahiki celebration or the Native Hawaiian religion. Compl. ¶¶ 42, 55-56, 58-74, 76-81, 91-93. Plaintiff alleges that in doing so, Defendants violated his rights to equal protection of the law and due process (for failing to timely respond to his grievances). Compl. ¶¶ 79, 83-89, 144-151. These events and omissions occurred entirely in Arizona, and were for the most part committed by SCF and/or CCA employees residing in Arizona.[3]

# II. LEGAL STANDARD

**A.    28 U.S.C. § 1391(b)**

When jurisdiction is not founded solely on diversity, such as in an

---

[2](...continued)
Defendants' briefs and the relevant caselaw, the court determines that this Motion is suitable for disposition without a hearing. *See* Local Rule LR7.2(d).

[3] Plaintiff's claims against Hawaii Defendants Clayton Frank, Tommy Johnson, Shari Kimoto, DPS, and Governor Linda Lingle ("Hawaii Defendants"), are apparently based on letters and grievance responses from them regarding the 2007-2008 Makahiki celebration. *See* Compl. ¶¶ 38-40, 52-55.

action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, *if there is no district in which the action may otherwise be brought.* 28 U.S.C. § 1391(b) (emphasis added); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Penn. 1992).

**B.     28 U.S.C. § 1404: Inconvenient Forum Transfer**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties, witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court *sua sponte*, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The purpose of the section is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27


(1960)).

**C.    28 U.S.C. § 1406: Improper Venue Transfer**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III.   **DISCUSSION**

As noted above, a case may be brought in a district where any defendant resides, if all of the defendants reside in the same state, or in a district where a substantial part of the action underlying the allegations occurred. If neither of these two subsections can be satisfied, the action may be brought in another district where any defendant can be found. *See Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241, n.1 (D. Haw. 2007). Because Defendants here reside in Hawaii and Arizona, proper venue must be determined by reference to § 1391(b)(2), where a substantial part of the events alleged took place, or failing that, to § 1391(b)(3), where any defendant can be found.

Substantiality of events is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have

occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (discussing propriety of venue under § 1391(a)(2)). To determine substantiality, the court looks to "the entire sequence of events underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001), and focuses on the defendants' (rather than the plaintiff's) actions. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

        Plaintiff requested to participate in the 2007-2008 Makahiki ceremony to be held at SCF in Arizona, and made certain demands as to what the ceremonies should include. Compl. ¶ 37. The Makahiki was held and Plaintiff participated, but apparently, some of his demands were not accommodated, although he does not enumerate what was denied. Plaintiff complains that the closing ceremony, held in Arizona in February 2008, did not include a ceremonial feast, allegedly violating a religious tenet of Plaintiff's faith. Plaintiff claims that food for that feast, some of which he had personally purchased, was distributed to other inmates with no connection to the Makahiki celebration or the Native Hawaiian religion. He protested these events to SCF officials in Arizona, as well as to DPS officials in Hawaii.

It is clear that these events and alleged omissions substantially occurred in Arizona, and were committed by SCF employees residing in Arizona. The Hawaii Defendants' alleged omissions only occurred *after* the Arizona Defendants had allegedly failed to follow DPS guidelines and had allegedly already violated Plaintiff's rights. But for Plaintiff's alleged claims of injuries incurred in Arizona, Plaintiff has no claims against the Hawaii Defendants. As such, the court finds that a substantial part of the actions or omissions alleged here occurred in Arizona, and therefore, venue is improper in the U.S. District Court for the District of Hawaii. *See* 28 U.S.C. § 1391(b)(2).

Because the court determines that venue is improper, it must examine whether the interests of justice require transfer instead of dismissal. 28 U.S.C. § 1406(a); *see, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). First, Plaintiff's Complaint states a claim and could have been filed in the District of Arizona. Second, nothing suggests that Plaintiff brought this action in bad faith. Third, Plaintiff's pro se incarcerated status militates in favor of transfer rather than dismissal of this action. Fourth, Plaintiff's claims if proven, involve important rights under the Constitution and statutes of the United States, and should not be lightly dismissed. The court therefore finds that the interests of justice favor transfer rather than dismissal.

Even if venue were proper in the District of Hawaii, the balance of other factors counsel for transfer of the action to Arizona.  Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted).  Courts must weigh multiple factors in considering a motion for change of venue.[4]  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

In applying § 1404(a), the court conducts a two-part inquiry.  First, the court determines whether the action could have been brought in the transferee court.  Second, the court considers whether "the transfer 'will enhance the convenience of the parties and witnesses, and is in the interests of justice.'"  *Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp.2d 1232, 1243 (D. Haw. 2003); *see also Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp.2d 1209, 1213

---

[4] These factors include:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Ricoh*, 487 U.S. at 498-99 (internal footnotes omitted).

(D. Haw. 2002).

As noted, this action could have (and should have) been brought in the District of Arizona. The court further concludes: (1) the complained of events occurred significantly in Arizona; (2) most Defendants are located in Arizona; (3) witnesses to the events surrounding the Makahiki ceremony are located in Arizona; (3) Plaintiff is incarcerated in Arizona; (4) several Hawaii Defendants will likely be dismissed,[5] and it is less expensive for the remaining Hawaii Defendants to travel to Arizona than vice versa; (5) most relevant records are likely in Arizona, or are as easily available in Arizona as in Hawaii; and (6) Arizona's interest in resolving this case is equal to, and possibly greater than, Hawaii's.

The interests of justice clearly favor transfer of this case to the district where most of the parties reside, witnesses may be found, there is easier access to the necessary evidence, and there is likely a local interest in Arizona in resolving Plaintiff's claims. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); 28 U.S.C. § 1404(a). Balancing the convenience of the

---

[5]While making no finding on this issue, the court notes that the State of Hawaii, the State of Arizona, and the Hawaii and Arizona Departments of Public Safety are immune from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996); *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-02 (1984) (Eleventh Amendment immunity extends to state agencies); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (holding that a state's department of corrections, is not considered a person under § 1983); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007) (same).

parties and witnesses here, and in the interests of justice, the court is convinced that the District of Arizona is the more convenient forum for this suit.

## II. **CONCLUSION**

Accordingly, the Court GRANTS Defendants' Motion and TRANSFERS Plaintiff's action to the U.S. District Court for the District of Arizona, Phoenix Division.  All pending motions, if any, and any later filed motions shall also be TRANSFERRED.  The Clerk of Court is DIRECTED to close the file and send any further documents received from Plaintiff to the U.S. District Court for the District of Arizona, Phoenix Division.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 23, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Davis v. Hawaii, et al.*, Civ. No. 08-00434 JMS-BMK; Order Granting Motion to Transfer Venue; pro se attorneys/Trsfr or Venue\ R. Kapela Davis 08-434 JMS (trsf to AZ #2)